IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JENNY WU and MARY YANG, ) | CIVIL 11-00196 LEK-RLP |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| WON PAK and MKAW HOLDINGS, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING DEFENDANTS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND REMANDING CASE**

Before the Court is Defendants Won Pak and MKAW Holdings, LLC's (collectively "Defendants") Emergency Application for Temporary Restraining Order and Preliminary Injunction ("Motion"), filed on July 21, 2011.  Plaintiffs Jenny Wu and Mary Yang (collectively "Plaintiffs") filed their memorandum in opposition on July 25, 2011, and a supplemental memorandum in opposition on August 1, 2011.  The Court held a status conference on the Motion on July 26, 2011.  Appearing on behalf of Defendants, by telephone, was Emil Lippe, Esq., and appearing on behalf of Plaintiffs was Alan Van Etten, Esq.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration, Defendants' Motion is HEREBY DENIED WITHOUT PREJUDICE and the case is REMANDED for the

reasons set forth below.

## BACKGROUND

Plaintiffs filed their Complaint on December 21, 2010 in the 189th Judicial District Court of Harris County, Texas. The Complaint states that Ms. Yang and Mr. Pak are members of MKAW Holdings, LLC, each owning fifty percent. [Complaint (dkt. no. 1-2) at ¶ 11.] Defendants removed the action to this district court on February 18, 2011, on the grounds that this Court has original jurisdiction under 28 U.S.C. § 1332. [Notice of Removal, filed 2/18/11 (dkt. no. 1), at ¶ 5.]

At the July 26, 2011 status conference on Defendants' Motion, the parties agreed that the Court appeared to be without subject matter jurisdiction in this matter. On August 2, 2011, the parties submitted a joint letter brief to the Court confirming that the Court did not have subject matter jurisdiction, and requesting that the Court remand the case to the state court in which the case was originally filed.

## DISCUSSION

Subject matter jurisdiction is a threshold matter for federal courts, and this Court may not rule on the merits of Defendants' Motion absent subject matter jurisdiction. See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A district court has diversity jurisdiction over "all civil actions where

2

the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Diversity is determined by the citizenship of the parties as of the filing of the complaint.  <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689, 695-96 (9th Cir. 2005).

Defendants' Notice of Removal states that this Court has original jurisdiction under 28 U.S.C. § 1332 because:

> complete diversity of citizenship exists between Plaintiffs and all proper Defendants based on the following:
>
>> a. Plaintiff Jenny Wu is a resident of Houston, Harris County, Texas.
>>
>> b. Plaintiff Mary Yang is, upon information and belief, a resident of California.
>>
>> c. Defendant Won Pak is a resident of Honolulu, Honolulu County, Hawaii.
>>
>> d. Defendant MKAW Holdings LLC (hereafter "MKAW") is a Texas limited liability company which was fraudulently joined to this proceeding.  No cause of action is properly plead against MKAW, and Plaintiff Jenny Wu lacks standing to assert any claims against such entity.

[Notice of Removal at ¶ 5.]  There are no federal claims at issue, and the parties do not allege jurisdiction pursuant to 28 U.S.C. § 1331.  The issue before the Court is limited to whether the parties are "citizens of different States" as required by § 1332.

With respect to the citizenship of a limited liability

company ("LLC"), the Ninth Circuit had adopted the principle that "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Because an LLC is a citizen of every state of which its owners or members are a citizen, and because complete diversity is required, if a plaintiff is an owner or member of a defendant LLC, then the diversity requirement of section 1332 cannot be satisfied. Here, Ms. Yang is a member of Defendant MKAW Holdings, LLC, and therefore, complete diversity is lacking.

Although Plaintiffs have not filed a motion to remand or to dismiss for lack of subject matter jurisdiction, the Court has an obligation to ensure that it has jurisdiction over the claims raised by the parties, and may raise this issue *sua sponte*. Indeed, pursuant to 28 U.S.C. § 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." See also Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); Williams v. United Airlines, Inc., 500 F.3d 1019, 1021 (9th Cir. 2007) ("[W]e are 'obliged to raise questions of the district court's subject-matter jurisdiction sua sponte.'" (quoting Hart v. United States, 817 F.2d 78, 80 (9th Cir. 1987))); Kelton Arms

Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

The Court FINDS that it is without jurisdiction to consider the merits of Defendants' Motion.  The Court therefore DENIES WITHOUT PREJUDICE Defendants' Motion and REMANDS the case to the 189th Judicial District Court of Harris County, Texas.

## CONCLUSION

On the basis of the foregoing, Defendants Won Pak and MKAW Holdings, LLC's Emergency Application for Temporary Restraining Order and Preliminary Injunction, filed on July 21, 2011, is HEREBY DENIED WITHOUT PREJUDICE.  The Court REMANDS the case to the 189th Judicial District Court of Harris County, Texas.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 3, 2011.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JENNY WU AND MARY YANG V. WON PAK AND MKAW HOLDINGS, LLC; CIVIL NO. 11-00196 LEK-RLP; ORDER DENYING DEFENDANTS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND REMANDING CASE**